**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE RAYMOND SPRY,

　　　　Plaintiff–Appellant,

v.

DAVID R. McKUNE, Warden, Lansing
Correctional Facility; UNKNOWN
OFFICERS; Disciplinary Administrator,
Lansing Correctional Facility; RAY
ROBERTS, Secretary of Corrections;
(FNU) JEWELL, Unit Team Manager,
Lansing Correctional Facility; (FNU)
WILDERMUTH, Unit Team, Lansing
Correctional Facility; (FNU) KING,
Correctional Officer, Lansing Correctional
Facility,

　　　　Defendants–Appellees.

No.12-3037
(D.C. No. 5:11-CV-03057-SAC)
(D. Kansas)

**ORDER AND JUDGMENT**\*

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining Plaintiff's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This

---

　　\* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case is therefore ordered submitted without oral argument.

Plaintiff, a pro se state prisoner, appeals the district court's dismissal of his § 1983 complaint against various correctional officials. Plaintiff alleges various Defendants violated his constitutional rights by (1) denying him timely access to the prison law library; (2) persuading him to dismiss an administrative grievance against a particular correctional officer; and (3) imposing a $10 fine and sixty days' restrictions pursuant to a prison disciplinary hearing that occurred outside of the mandatory regulatory time limits. The district court dismissed the complaint for failure to state a claim for relief upon which relief could be granted.

In his first claim, Plaintiff alleges his lack of access to the prison law library prevented him from filing a state-court challenge to a particular disciplinary action. His complaint sets forth various claims he allegedly wished to raise in the state-court action, all of which are straightforward factual claims based on facts known to him at the time. Nothing in Plaintiff's complaint suggests any issue of law he needed to determine to meet the deadline for filing a state-court claim, and his complaint indicates he was aware of the type of pleading he needed to file to challenge the disciplinary action and the deadline for filing. Under all of the circumstances of this case, the district court did not err in concluding Plaintiff's complaint failed to show his lack of timely access to the law library frustrated his pursuit of a non-frivolous legal claim concerning his conviction or the conditions of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996).

Plaintiff's second claim for relief alleges his due process rights were violated when

he was persuaded not to pursue a formal grievance against a correctional officer. Inmates do not have a protected liberty interest in pursuing formal prison grievance procedures, *see Murray v. Albany Cnty. Bd. of Cnty. Comm'rs*, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000), and thus the district court did not err in dismissing this claim.

Finally, Plaintiff alleges his due process rights were violated by the prison officials' failure to comply with mandatory deadlines for his disciplinary proceeding. In essence, Plaintiff asks us to depart from the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995), in favor of Justice Breyer's *Sandin* dissent and the overruled *Hewitt* approach, *see Hewitt v. Helms*, 459 U.S. 460 (1983). We lack the authority to do so, and we see no error in the district court's application of *Sandin* to the facts of this case. Under *Sandin*, the district court appropriately concluded that Plaintiffs' allegations failed to state a valid due process claim. On appeal, Plaintiff also indicates he wishes to raise an equal-protection claim based on an earlier proceeding in which another inmate's disciplinary report was dismissed based on prison officials' failure to comply with the mandatory deadline. Plaintiff's allegations and arguments fail to show he would have a viable equal-protection claim under the circumstances of this case.

For the foregoing reasons and for substantially the same reasons given by the district court, we **AFFIRM** the dismissal of Plaintiff's complaint. We **DENY** Plaintiff's motion to certify a question of state law. We note the district court granted Plaintiff's motion to proceed *in forma pauperis* on appeal, and we remind him of his obligation to

continue making partial payments until the filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge